Jordan A. Kroop (#018825)
JKroop@perkinscoie.com
Bradley A. Cosman (#026223)
BCosman@perkinscoie.com
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona  85012-2788
Telephone:  602.351.8000
Facsimile:  602.648.7000

Attorneys for *Cheeseburger, LLC*; *HDI & JM Properties LLC*; *HDI Chicago Rest LLC*; *Adams Ventures LLC*; and *Nacogdoches BTS LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>FRONTIER STAR, LLC,<br><br>FRONTIER STAR CJ, LLC,<br><br>Debtors. | Chapter 11<br><br>Case No. 2:15-bk-09383-EPB<br>            2:15-bk-09385-EPB<br>(Joint Administration) |
| This Filing Applies to:<br><br>☒  All Debtors<br>☐  Specified Debtors | **OBJECTION TO MOTION FOR ORDER APPROVING STIPULATION REGARDING POSTPETITION CREDIT, PREPETITION DEBT, ADEQUATE PROTECTION, AND SETTLEMENT AND RELEASE AGREEMENT WITH MEADOWBROOK MEAT COMPANY, INC. D/B/A MBM CORPORATION PURSUANT TO FED. R. BANKR. P. 9019** |

Cheeseburger, LLC; HDI & JM Properties LLC; HDI Chicago Rest LLC; Adams Ventures LLC; and Nacogdoches BTS LLC (collectively, the "**Landlords**") file this Objection to the *Motion for Order Approving Stipulation Regarding Postpetition Credit, Prepetition Debt, Adequate protection, and Settlement and Release Agreement with Meadowbrook Meat Company, Inc. d/b/a MBM Corporation Pursuant to Fed. R. Bankr. P. 9019* (the "**Critical Vendor Motion**") [Dkt. No. 42].[1]

---

[1] All capitalized terms not otherwise defined in this Objection retain the definition ascribed to them in the Critical Vendor Motion.

1. Although styled as a settlement motion under Rule 9019, the Debtors' motion is better understood and analyzed as a critical vendor motion. Indeed, the Debtors' seek authority to pay MBM $3.6MM in alleged prepetition claims—and grant MBM a release from *all* possible avoidance actions under Chapter 5 of the Bankruptcy Code—to induce MBM to continue providing favorable trade terms to the Debtors' non-debtor affiliate. As discussed in detail below, however, the principal problem with the Critical Vendor Motion is that it conflates the two Debtors with their non-debtor parent company, Frontier Star I, LLC ("**Star I**"). Accordingly, the relief sought from the Debtors is misplaced.

## The Debtors, Star I, and the Corporate Enterprise.

2. The Debtors, together with their non-debtor parent company Star I and an affiliated management company called MIH Admin Services, LLC, act as an enterprise operating approximately 165 Carl's Jr. and Hardee's franchises across six states.

3. The Debtors, and MIH Admin Services, are wholly-owned subsidiaries of non-debtor Star I.

4. According to the Debtors' *Schedule of Assets and Liabilities* and *Statement of Financial Affairs*,[2] the Debtors are merely passive holding companies holding the franchise agreement rights and the store lease agreements. To that end, the Debtors' Statements and Schedules disclose that the Debtors have no cash, no inventory, no goods, no income, and no employees.

5. In response to SOFA Question 3(b), the Debtors did not identify any prepetition payments made to MBM. Therefore, according to the Debtors' Statements and Schedules, the Debtors do not possess any goods from MBM, and the Debtors did not make any payments or other transfers to MBM during 90 days prior to the petition date.

---

[2] *See* Case No. 15-09383 (Dkt. Nos. 36 and 37); Case No. 15-09385 (Dkt. Nos. 28 and 29).

## The Critical Vendor Motion Conflates the Debtors with Star I.

6. Because the Debtors are merely holding companies, the actual day-to-day operations of the restaurants are ostensibly conducted through non-debtor affiliates Star I and MIH Admin Services. Indeed, it must be Star I or MIH Admin Services which are ordering and receiving goods from MBM because the restaurants continue to operate following the Debtors' bankruptcy while the Debtors' have $0 in goods, $0 in cash, and no authority to make postpetition transactions with MBM using any cash collateral or credit.

7. The Critical Vendor Motion, however, just glosses over the distinction between the Debtors and Star I. For example, the Critical Vendor Motion asserts that that relief being sought would ensure that MBM "continues to deliver Goods *to the Debtors* . . . ."[3] As discussed above, however, the notion that MBM is shipping goods to the Debtors is belied by the fact that the Debtors are not operating entities and have no goods. Given the relationship between the Debtors and Star I, it is safe to presume that the goods from MBM will actually continue to be shipped to Star I and not to the Debtors.[4]

8. From there, the Critical Vendor Motion further conflates the Debtors with Star I by arguing that MBM's prepetition claim should be paid now because MBM has (i) properly perfected purchase money security interests *against the Debtors*; (ii) an administrative claim under § 503(b)(9) *against the Debtors*; and (iii) claims under PACA[5] *against the Debtors*.[6] Each of these arguments fails because each argument depends on the erroneous premise that MBM ships goods to the Debtors. Specifically, MBM does not have purchase money security interest

---

[3] Critical Vendor Motion, 6:14-15 (emphasis added).
[4] The fact that MBM is shipping goods to Star I and not to the Debtors is reinforced by the absence of any intercompany transactions identified in the Debtors' Statements and Schedules. That is, if MBM were shipping goods to the Debtors, one would expect to see intercompany receivables associated with the Debtors transfer of such goods to Star I. The Debtors' Statements and Schedules, however, do not identify any such intercompany transactions. To the extent such transactions are taking place and are not disclosed, a fraudulent transfer claim may exist.
[5] Perishable Agricultural Commodities Act, 7 U.S.C. § 499, *et seq*.
[6] Critical Vendor Motion, 5:18-24.

claims against the Debtors because MBM does not ship goods to the Debtors.[7] Similarly, MBM does not have § 503(b)(9) claims against the Debtors because § 503(b)(9) only grants administrative priority on account of "goods received by the debtor . . . ." Finally, MBM does not have PACA claims against the Debtors for the same reason.

9. The conflation continues when the Critical Vendor Motion combines the Debtors and Star I into a defined term called the "Frontier Entities," and then makes the collective Frontier Entities responsible for payment of the entire $3.6MM MBM claim. Surely the Debtors cannot intend to obligate themselves for actual payment of MBM's claim because the Debtors have declared that they have no cash and no income. Any payment of MBM's claim will necessarily have to come from non-debtor Star I. If so, then why is any relief vis-à-vis the Debtors even necessary?

10. Creating the commingled "Frontier Entities" creates other problems. For example, under terms of the Critical Vendor Motion, MBM can withdraw its provision of credit terms in the event there is any default in payment by the collective Frontier Entities. Here, Star I—the entity that will necessarily have to remit payment to MBM—is not a debtor. As such, there is no visibility into the financial wherewithal of Star I or whether Star I will be able to timely preform. Moreover, even though the Debtors have no control over Star I, the Debtors share all the risks of Star I's default. Under such circumstances, it is impossible to evaluate whether and to what extent the relief being sought against these bankruptcy estates will actually enhance the viability of the collective Frontier Entities enterprise.

11. Finally, the Landlords are concerned that conflating the Debtors with Star I is improperly substantively consolidating any obligations to MBM. More specifically, the Critical

---

[7] Even if MBM had shipped goods to the Debtors, whether MBM has a properly perfected security interest that extends to cash or revenue derived from such goods is far from settled. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 400 (Bankr. N.D. Tex. 2003) (recognizing that restaurant revenues are derived from the disposition of inventory and the time and energy expended to prepare individual food orders); *In re Inman*, 95 B.R. 479 (Bankr. W.D. Ky. 1998) (holding that proceeds from the sale of inventory at debtors' fast food restaurants were not subject to creditor's security interest).

Vendor Motion seeks to obligate each Debtor for the full amount of MBM's claim, rather than limit the claim against each Debtor based on each Debtor's respective share.[8]

### The Releases Sought by the Debtors Are Too Broad.

12. The Critical Vendor Motion includes a request to approve releases of any and all Chapter 5 avoidance claims against MBM. The Critical Vendor Motion does not, however, put forth any evidence to support the releases.

13. The request for such broad releases from the Debtors is perplexing because, according to the Debtors' Statements and Schedules, the Debtors did not make any prepetition transfers to MBM. If that is the case, why does MBM need a release from all potential avoidance claims? The only support offered for the releases is a conclusory statement that:

> "MBM's statutory defenses under sections 547(c)(2) and 547(4)(c)(5) [sic] of the Bankruptcy Code, among others, [and] the consideration being extended by MBM in this Agreement, including the provision of significant post-petition credit, warrants the accommodation of the waiver of all claims against MBM . . . .[9]

14. This "analysis" focuses solely on whether an avoidance action under § 547 could be maintained against MBM. This "analysis" completely ignores the existence and merit of other avoidance actions that may be brought against MBM, including actions to avoid fraudulent transfers or any improper postpetition transfers. Moreover, this "analysis" lacks sufficient evidentiary support or detail that would allow an eventual committee of unsecured creditors or other parties-in-interest to evaluate it.

15. It is worth nothing that even in one of the cases the Debtors cite in support of the releases—*In re Duke and King Acquisition Corp.*, Case No. 10-38652, Dkt. No. 153, 200, 201 (Bankr. D. Minn. Apr. 5, 2011)—the scope of the releases eventually granted was narrowed to only include claims under § 547.

---

[8] *See* Stipulation at ¶ G.
[9] Critical Vendor Motion at 9.

16. Accordingly, the Landlords believe that permitting the Debtors to release all avoidance action without a proper analysis of the merits of each type of avoidance action under the Bankruptcy Code is improper.

**CONCLUSION**

17. Based on the reasons discussed above, the Landlords request that the Court deny the Critical Vendor Motion.

Dated:  August 28, 2015

**PERKINS COIE LLP**

By: */s/ Bradley A. Cosman*
   Jordan A. Kroop (#018825)
   JKroop@perkinscoie.com
   Bradley A. Cosman (#026223)
   BCosman@perkinscoie.com
   2901 North Central Avenue, Suite 2000
   Phoenix, Arizona  85012-2788

Attorneys for *Cheeseburger, LLC*; *HDI & JM Properties LLC*; *HDI Chicago Rest LLC*; *Adams Ventures LLC*; and *Nacogdoches BTS LLC*

ORIGINAL electronically filed and COPY served on August 28, 2015 by the method and to the following parties as indicated below:

*By Electronic Means via the Court's ECF Noticing System:*

RYAN J. BIRD on behalf of Creditor Eital Properties, LLC
rbird@gilbertbirdlaw.com

ALISSA A. BRICE on behalf of Creditor WESTERN ALLIANCE BANK
Alissa.Brice@quarles.com, Sybil.Aytch@quarles.com;Denise.Cockrell@quarles.com

TODD A. BURGESS on behalf of Creditor Trinidad Alba Navarro De Abellan, Trustees of the Abellan Family Trust
todd.burgess@gknet.com, rachel.milazzo@gknet.com

TODD A. BURGESS on behalf of Creditor Ricardo Hector Abellan
todd.burgess@gknet.com, rachel.milazzo@gknet.com

DEAN M. DINNER on behalf of Creditor Carlee's Holdings, LLC
ddinner@ngdlaw.com, srivera@ngdlaw.com;ngd.ecf@ngdlaw.com;sdousdebes@ngdlaw.com

RYAN CHRISTIAN CAPLAN on behalf of Creditor FEXKIN, LLC
ryan.caplan@procopio.com, calendaring@procopio.com;susan.orrantia@procopio.com

RYAN CHRISTIAN CAPLAN on behalf of Creditor REMUR, LLC
ryan.caplan@procopio.com, calendaring@procopio.com;susan.orrantia@procopio.com

DON C. FLETCHER on behalf of Creditor Kimco Riverview, LLC
dfletcher@lakeandcobb.com

TERESA H FOSTER on behalf of Creditor John Capra
tfoster@thfosterlaw.com, hstanford@thfosterlaw.com;kburleson@thfosterlaw.com

PHILIP J GIACINTI, JR on behalf of Creditor FEXKIN, LLC
pjg@procopio.com,
phil.giacinti@procopio.com;kristina.terlaga@procopio.com;calendaring@procopio.com

PHILIP J GIACINTI, JR on behalf of Creditor REMUR, LLC
pjg@procopio.com,
phil.giacinti@procopio.com;kristina.terlaga@procopio.com;calendaring@procopio.com

WALTER H. GILBERT on behalf of Creditor Eital Properties, LLC
rbird@gilbertbirdlaw.com

ANDREW A. HARNISCH on behalf of Creditor HS Orland Hills, LLC
andy@mhlawaz.com, ethan@mhlawaz.com

SCOTT W. HYDER on behalf of Creditor CSJR LONGVIEW TEXAS LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor CSJR PHOENIX AZ LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor DMS 2, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS CARBONDALE IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS GLENN ELLYN IL LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS LISLE IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS ROUNDLAKE IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS SPRINGFIELD IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor LAVELO PROPERTY MANAGEMENT LLC
Shyder@scotthyderlaw.com

MICHAEL A. JONES on behalf of Creditor KMK Group, LLC
mjones@ambazlaw.com,
mjones@ecf.inforuptcy.com;sgomez@ambazlaw.com;mbaca@ambazlaw.com;mvasquez@ambazlaw.com;araddatz@ambazlaw.com

JAMES F KAHN on behalf of Creditor SJFT, LLC
James.Kahn@azbar.org, krystalahart@cox.net

MICHAEL M. LIN on behalf of Creditor KJG Castle Holdings LLC
linlawgroup@gmail.com

MICHAEL M. LIN on behalf of Creditor Nonsan LLC
linlawgroup@gmail.com

PHILIP G. MITCHELL on behalf of Debtor Frontier Star CJ, LLC
Philip.Mitchell@azbar.org, fkaufman@cavanaghlaw.com

PHILIP G. MITCHELL on behalf of Debtor Frontier Star, LLC
Philip.Mitchell@azbar.org, fkaufman@cavanaghlaw.com

VALERIE P MORRISON on behalf of Creditor Carl's Jr. Restaurants LLC
val.morrison@nelsonmullins.com,
Robert.ours@nelsonmullins.com;Dylan.trache@nelsonmullins.com

VALERIE P MORRISON on behalf of Creditor Hardee's Restaurants LLC
val.morrison@nelsonmullins.com,
Robert.ours@nelsonmullins.com;Dylan.trache@nelsonmullins.com

JOHN A NASR on behalf of Creditor Carl's Jr. Restaurants LLC
jnasr@gustlaw.com, lschrieber@gustlaw.com

JOHN A NASR on behalf of Creditor Hardee's Restaurants LLC
jnasr@gustlaw.com, lschrieber@gustlaw.com

STEVEN D NEMECEK on behalf of Creditor Vannelli Properties
snemecek@sjbrownlaw.com,
kflaaen@sjbrownlaw.com;sbrown@sjbrownlaw.com;rpitman@sjbrownlaw.com

WILLIAM NOVOTNY on behalf of Interested Party Buechs Partnership
wnovotny@dickinsonwright.com

WILLIAM NOVOTNY on behalf of Interested Party Gilbert-Chandler Heights I, L.L.C.
wnovotny@dickinsonwright.com

WILLIAM NOVOTNY on behalf of Interested Party HVTC, L.L.C.
wnovotny@dickinsonwright.com

WILLIAM NOVOTNY on behalf of Interested Party Vestar California XXII, L.L.C.
wnovotny@dickinsonwright.com

SEAN P. O'BRIEN on behalf of Creditor Carl's Jr. Restaurants LLC
spobrien@gustlaw.com, larmijo@gustlaw.com

SEAN P. O'BRIEN on behalf of Creditor Hardee's Restaurants LLC
spobrien@gustlaw.com, larmijo@gustlaw.com

MATTHEW H. SLOAN on behalf of Creditor Hendrick Commercial, LLC
mhs@jhc-law.com, docket@jhc-law.com

EDWIN B STANLEY on behalf of Creditor Zeavey CHI, LLC
bstanley@simbroandstanley.com, bradstanleyaz@gmail.com;skirby@simbroandstanley.com

DYLAN G TRACHE on behalf of Creditor Carl's Jr. Restaurants LLC
Dylan.trache@nelsonmullins.com

LARRY L. WATSON on behalf of U.S. Trustee U.S. TRUSTEE
larry.watson@usdoj.gov

JOHN R. WORTH on behalf of Creditor MBM Corp.
jrw@forresterandworth.com, mdb@forresterandworth.com

*<u>By E-Mail or First Class Mail</u>*:
Jonathan T. Edwards
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Jonathan.Edwards@alston.com
Attorneys for Meadowbrook Meat Company
d/b/a MBM Corp.

*/s/ Kathryn Hardy*
LEGAL127451593.2